IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| AMY D. BAKER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-353-BMJ |
| NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Amy D. Baker, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 9], and both parties have briefed their respective positions.[1] For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.      Procedural Background**

On January 29, 2014, Plaintiff protectively filed an application for disability insurance benefits (DIB). *See* AR 9. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 67, 78. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated October 29, 2015. AR 6-22. The Appeals Council denied Plaintiff's request for review. AR 1-3. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since March 15, 2013, the alleged onset date. AR 11.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of obesity, degenerative joint disease, degenerative disc disease, s/p total left knee arthroplasty, s/p bursectomy and IT band release with repeat surgery. AR 11-13.[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 13-14.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) restricted as follows: no climbing of ladders, ropes, scaffolds; only occasionally perform postural activity such as climbing ramps or stairs, stooping, balancing, crouching, kneeling or crawling; and would require an hourly sit/stand option.

AR 14-17. Relying on the testimony of a vocational expert (VE), the ALJ determined Plaintiff was able to perform past relevant work as a legal secretary, administrative assistant, and legal assistant/secretary. AR 17. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 17.

## III. Issues Presented for Judicial Review

Plaintiff contends the ALJ erred at step four by not addressing all of her diagnosed impairments, by not implementing certain limitations into the RFC, and by failing to address the

---

[2] The ALJ also found Plaintiff had non-severe impairments of adjustment disorder with "co-occurring" issues of anxiety and depression. AR 11-13.

2

opinions of her treating physician. The Court finds that none of Plaintiff's arguments have merit and affirms the ALJ's decision.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. Analysis

### A. The ALJ Sufficiently Considered Plaintiff's Impairments

Plaintiff contends that the ALJ erred at step four by not considering "clearly diagnosed impairments" in the record. Pl.'s Br. 4. Failing to find an impairment medically determinable essentially amounts to a step-four error "because the ALJ is only required to consider medically determinable impairments in the RFC at step four, whether severe or not." *Ray v. Colvin*, 657 F.

3

App'x 733, 734 (10th Cir. 2016) (unpublished). But this error can "be obviated if the ALJ considered the non-medically determinable impairment in assessing the RFC." *Id.*

Plaintiff asserts the ALJ did not consider her chronic pain syndrome, inflammatory arthritis, cervicalgia, deQuervian's syndrome, cubital tunnel syndrome, carpal tunnel syndrome, occipital neuralgia, and fibromyalgia. *Id.* at 4-5. But, the ALJ generally discussed and stated she considered the combined effects of Plaintiff's wrist surgeries,[3] fibromyalgia, chronic pain, and her neck condition.[4] AR 14-15.[5] Further, it is well-established that "[t]he mere diagnosis of a condition does not establish its severity or any resulting work limitations." *Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016) (unpublished). Thus, the ALJ adequately addressed the conditions with which Plaintiff takes issue.

B.  **The ALJ Did Not Err In Formulating the RFC**

Plaintiff also contends the ALJ erred in the RFC determination with regard to specific limitations. "The RFC assessment is a function-by-function assessment based upon all of the

---

[3] Although the ALJ referred to the procedures as "carpal tunnel syndrome surgeries," the medical records reflect that Plaintiff underwent operations for her carpal tunnel syndrome, cubital tunnel syndrome, and deQuervian's syndrome. AR 533-535, 683-685.

[4] The ALJ addressed Plaintiff's testimony that she had constant sharp pain in her neck and addressed an MRI of her cervical spine following a motor vehicle accident. Both cervicalgia and occipital neuralgia are conditions affecting the neck. *See Tidd v. Colvin*, No. 5:14-CV-2023-KOB, 2016 WL 866935, at *1 (N.D. Ala. Mar. 7, 2016) ("Cervicalgia is defined as neck pain, sometimes originating from spine compression."); *Wake v. Astrue*, No. 2:11CV35, 2012 WL 6851168, at *3 (W.D.N.C. Dec. 4, 2012), *report and recommendation adopted sub nom. Wake v. Astrue*, No. 2:11CV35, 2013 WL 145764 (W.D.N.C. Jan. 14, 2013) (*citing Stedman's Medical Dictionary* 1043, 1535 (25th ed. 1990)) (noting that occipital neuralgia is also known as posttraumatic neck syndrome).

[5] Although inflammatory arthritis was not specifically addressed by the ALJ, the applicable portions of the record show that Plaintiff's rheumatologist noted that Plaintiff had "no definitive evidence of an [sic] inflammatory arthritis" and that "it is possible Plaintiff has an underlying inflammatory arthritis." AR 627, 897. Thus, Plaintiff has not shown that inflammatory arthritis is a medically determinable impairment. *See* 20 C.F.R. § 404.1521 (medically determinable impairments "must be established by objective medical evidence").

relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1996). It "considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id*. at *1. Plaintiff specifically asserts the ALJ did not factor in her ability to handle, finger, or feel, an alleged requirement that she raise her legs, and her absenteeism due to medical appointments and procedures.[6]

### 1. Handling, Fingering, and Feeling

Plaintiff first asserts that if the ALJ properly factored in her impairments, she would be limited to only occasional handling, fingering, and feeling. Pl.'s Br. 4. Specifically, Plaintiff states that the "impairments specific to her dominant right hand" preclude her ability to perform her past work because of the handling, fingering, and feeling requirements in such jobs. *Id.* at 7. She cites the three procedures on her right arm,[7] cervical bundle branch blocks and cervical radio frequency neurotomies, and the diagnosis of arthritis as evidence supporting greater limitations. *Id.*

The ALJ, however, considered these issues in developing the RFC determination. The decision shows the ALJ addressed Plaintiff's wrist surgeries, her grip strength afterward, as well as the testimony in which Plaintiff claimed continued pain and difficulty with lifting, picking things up, and writing. AR 14-15. With regard to inflammatory arthritis, as noted above, Plaintiff did not show that it was a medically determinable impairment. Even so, Plaintiff cited records

---

[6] Plaintiff also lists medications that were unsuccessful and sedating medications she was using at the time of the hearing. Pl.'s Br. 5. The Court is not certain if this information was listed in support of these specific limitations or is a separate argument altogether. In any event, the point was not fully developed. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review.").

[7] Although Plaintiff does not cite medical records for these procedures, she identifies them as occurring in March and June 2014. Her operations for carpal tunnel syndrome, cubital tunnel syndrome, and deQuervian's syndrome occurred during these months. AR 533-535, 683-685.

from her rheumatologist, Dr. Omar Silvestre, M.D., which noted that pain in her neck, low back, and knee was merely "associated with intermittent swelling especially in hand joints" and did not associate the condition with any hand limitations. AR 894. Further, Dr. Silvestre's records indicate that Plaintiff's wrists were normal on examination. AR 895. Finally, although Plaintiff asserts that her cervical bundle branch blocks and cervical radio frequency neurotomies have an effect on her ability to reach, handle, or finger frequently, she does not cite any evidence indicating that these procedures are related to her hand conditions. Thus, Plaintiff's effort to show that the RFC did not contain adequate limitations as to her dominant hand is without merit.

### 2. Positional Requirement

Plaintiff also contends that she is precluded from performing the occupations identified by the ALJ due to the need to raise her legs after her total knee replacement. Pl.'s Br. 6. The ALJ acknowledged Plaintiff's testimony that "on some days she cannot move at all, and stays in bed/recliner all day and elevates her legs." AR 14. The ALJ also discussed Plaintiff's total knee replacement. AR 15. Plaintiff does not cite any medical evidence or opinions supporting her assertions. "[I]t isn't [the court's] obligation to search the record and construct a party's arguments." *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016) (unpublished). Plaintiff also does not challenge the ALJ's credibility determination. Furthermore, the Court notes that the ALJ found Plaintiff's statements concerning the intensity, persistency, and limiting effects of her symptoms were not entirely credible, AR 16, and Plaintiff does not challenge the credibility determination. The Court, therefore, finds no error with the ALJ's consideration of Plaintiff's alleged positional limitation requiring her to raise her legs.

### 3. Absenteeism

Finally, Plaintiff asserts the ALJ did not consider the number of doctor's visits and procedures she has undergone, which she claims substantiates her ongoing and recurrent absenteeism. Pl.'s Br. 7, 9-11. Plaintiff argues she had seventy-five doctor's visits and forty surgeries or procedures in thirty months. *Id.* at 9-11. This argument is similar to that in a case from the United States District Court for the Northern District of Oklahoma in which a claimant "added up the number of doctor visits and phone calls to his doctor he made over the pendency of this case and argues that number of absences would preclude employment." *Leaverton v. Colvin*, No. 11-CV-778-FHM, 2013 WL 1316901, at *3 (N.D. Okla. Mar. 29, 2013). Here, as in *Leaverton*, "[n]othing in the record suggests an entire day off is necessary for each appointment or that appointments could not be scheduled around hours of employment," and as such the ALJ did not err. *Id.* (*citing Barnett v. Apfel,* 231 F.3d 687 (10th Cir.2000)); *see also Ewing v. Astrue*, No. CIV-11-1200-C, 2012 WL 2450847, at *2 (W.D. Okla. June 27, 2012) ("Finally, Plaintiff's testimony simply assumed that she would be required to miss an entire work day for her appointments, rather than recognizing that her work schedule could be adjusted around those appointments. Accordingly, the ALJ did not err in determining that Plaintiff's need for additional medical treatment would preclude her from engaging in employment." (internal citation omitted)). Plaintiff directs the Court to the VE's testimony that a hypothetical individual missing three days of work per month would eliminate unskilled work and would preclude skilled work once personal time was exhausted. But an ALJ is required to include alleged functional limitations in the RFC only to the extent he or she finds them to be credible and supported by the evidence. *See Smith v. Colvin*, 821 F.3d 1264, 1270 (10th Cir. 2016) ("[T]he judge did not need to ask about the effect of limitations that he didn't believe applied."); *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995)

(ALJ not required to accept answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record). The Court concludes Plaintiff's argument with regard to the issue of absenteeism is without merit.

### C. The ALJ Properly Addressed Plaintiff's Treatment Records with Dr. Meta

Plaintiff also asserts the ALJ improperly weighed the opinion of a treating physician, Dr. Gentian Meta, M.D., who diagnosed Plaintiff with chronic pain disorder. Pl.'s Br. 8-9. As indicated above, the ALJ discussed Plaintiff's chronic pain. Further, the ALJ considered Dr. Meta's records, noting the history of treatment and that epidural injections provided minimal relief from chronic pain. AR 15. Regardless, Plaintiff does not contend her chronic pain disorder meets or equals a listing and she does not note any functional limitation assessed by Dr. Meta related to the condition. As such, the ALJ was not required to discuss the diagnosis. *See Fulton v. Colvin*, 631 F. App'x 498, 501 (10th Cir. 2015) (unpublished) (finding "the diagnoses by themselves are not significantly probative evidence the ALJ had to reject in order to find [the claimant] was not disabled" where a treating physician diagnosed a condition but did not opine on the functional limitations imposed by the condition and the claimant did not allege the condition met or equaled a listing); *King v. Colvin*, No. CIV-15-0050-D, 2016 WL 1171491, at *7 (W.D. Okla. Mar. 8, 2016), *report and recommendation adopted*, No. CIV-15-50-D, 2016 WL 1179212 (W.D. Okla. Mar. 24, 2016) (same). Therefore, the ALJ did not err with regard to addressing Dr. Meta's treatment records.

**VI.     Conclusion**

For the reasons set forth, the decision of the Commissioner is AFFIRMED.

ENTERED this 28th day of February, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE